ROGERS, Circuit Judge.
This appeal presents a simple question of statutory interpretation: Does M.C.L. § 600.6028(l)(f), which protects from garnishment “money or other benefits paid ... on account of’ disabilities, protect attorneys fees paid by an insurance company because of an unsuccessful suit relating to disability benefits? The plain meaning of the statute indicates that it does not. The district court was correct to issue a writ of garnishment for attorneys fees awarded to Joel Helfman from his disability insurer to help satisfy an outstanding judgment against him.
Joel Helfman was receiving long-term disability benefits from two insurers, Sun Life Assurance Company of Canada and Genworth Life and Health Insurance Company. Both companies ceased paying Helfman benefits, though their reasons differed. Helfman appealed the termination decisions, and after exhausting administrative remedies, filed a suit in state court that was removed to federal court. On *113 August 8, 2008, the district court upheld Genworth’s termination decision, and further held that Genworth was entitled to repayment of past benefits to Helfman. The district court entered judgment for Genworth against Helfman in the amount of $105,114.07, the entire amount of which is still outstanding. Helfman did not appeal the judgment.
Sun Life, on the other hand, reversed its decision after taking part in several levels of administrative and judicial review. It concluded that Helfman was in fact entitled to all remaining benefits under his policy. Sun Life initially set aside approximately $28,000 to cover this amount, though has since concluded that more is owing. On December 16, 2010, Genworth filed a request and writ for garnishment for the money held by Sun Life, asking that it be used to help satisfy Genworth’s judgment against Helfman. The district court denied Genworth’s request, holding that M.C.L. § 600.6023(l)(f) exempted the money from garnishment because it was a payment from an insurance company for a disability. The relevant language of the statute is:
(1) The following property of the debtor and the debtor’s dependents shall be exempt from levy and sale under any execution:
(f) Any money or other benefits paid, provided, or allowed to be paid, provided, or allowed, by any stock or mutual life or health or casualty insurance company, on account of the disability due to injury or sickness of any insured person, whether the debt or liability of such insured person or beneficiary was incurred before or after the accrual of benefits under the insurance policy or contract, except that the exemption does not apply to actions to recover for necessities contracted for after the accrual of the benefits.
M.C.L. § 600.6023.
On April 18, 2011, the district court ordered Sun Life to pay Helfman $46,641.94 in attorneys fees and interest because of Helfman’s successful appeal of its termination decision. Genworth filed a request and writ for garnishment for this money. Although Helfman again argued that M.C.L. § 600.6023(l)(f) prohibited garnishment, this time the district court rejected his argument. The district court concluded that the statute’s language “is intended to exempt disability benefits from garnishment, nothing else” (emphasis in original). Since the words “any money” in the statute are modified by the phrase “or other benefits,” the district court reasoned that exemption is plainly limited to benefits, which attorneys fees are not. Helfman timely appealed the district court’s grant of the request and writ for garnishment.
Under Michigan law, all items listed as exempt under M.C.L. § 600.6023 are exempt from garnishment pursuant to M.C.L. § 600.4031(1). The only question then is whether M.C.L. § 600.6023(l)(f) applies to the attorneys fees in this case. Under the plain meaning of the statute, the answer is no. The fees are not construed as disability benefits under Helf-man’s insurance policy, and the statute makes no reference to attorneys fees. The statutory provision in question makes no mention of money paid by a party in litigation, and exempts only money or other benefits paid “on account of’ a disability. The phrase’s ordinary meaning in context does not include moneys paid by an insurance company because of a court judgment; such a payment is not a benefit and not paid on account of a disability.
This interpretation is not refuted by Helfman’s reliance on the underlying policy of the statute. Reading the statute as a *114 whole reveals that it exempts necessities such as clothing, furniture, burial plots, a home’s mortgage, and retirement plans from garnishment and levy. The purpose of the statute is to protect those items essential for debtors to continue their lives and retain their dignity. Helfman argues that attorneys fees were necessary to obtain the funds that were, under the policy of the statute, themselves necessary. This indirect necessity is, however, not protected by the terms of the statute. It is simply too far removed from what appears in the statute itself. Limits on garnishment exceptions, moreover, protect the interests of legitimate judgment creditors. We are not at liberty to rebalance the interests already balanced by the Michigan legislature.
We affirm the judgment of the district court.